**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | | |
|---|---|---|
| AMERITEL INNS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 06-359-S-EJL |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MOFFAT BROTHERS PLASTERING, L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

Currently pending before the Court are Defendant's Motion for Protective Order Staying Discovery and to Vacate Scheduling Order Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 22), Plaintiff's Motion to Compel Discovery Responses (Docket No. 23), and Plaintiff's Motion to Strike the Affidavit of Nicole Hancock (Docket No. 28).  In the interest of avoiding delay and because the Court conclusively finds that the decisional process in this discovery matter would not be significantly aided by oral argument, the Court will address and resolve these motions without a hearing.  Therefore, having carefully reviewed the record and otherwise being fully advised, the Court enters the following Order.

**I.**

**BACKGROUND**

This action arises out of stucco work performed by Defendant Moffat Brothers Plastering ("Defendant"), a Utah Limited Liability company, for Plaintiff Ameritel Inns ("Plaintiff"), an

**ORDER - 1**

Idaho corporation, on a hotel owned by Plaintiff in Salt Lake City, Utah.  *Notice of Removal*, Ex.

B, pp. 2-3 (Docket No. 1).  As a sub-contractor, Defendant performed exterior stucco services on

Plaintiff's hotel.  On August 7, 2006, Plaintiff filed an action against Defendant in the Fourth

Judicial District of the State of Idaho, asserting claims for breach of contract, breach of warranty,

negligence, indemnification, and slander of title.  *Notice of Removal*, Ex. B (Docket No. 1).  On

September 11, 2006, Defendant removed the action to federal court.  *Id.* at pp. 1-2.

On September 18, 2006, Defendant filed a Motion to Dismiss this action for lack of

personal jurisdiction, arguing that Defendant has had no contacts with Idaho, conducted no

business in Idaho, sought no business from Idaho, or acted in any other manner to subject itself

to Idaho's jurisdiction.  *Motion to Dismiss for Lack of Personal Jurisdiction* (Docket No. 5).  On

October 12, 2006, the District Court entered an Order requiring the parties to meet and submit a

litigation plan for this action on or before December 5, 2006.  (Docket No. 8).  Pursuant to this

Order, the parties filed a stipulated Litigation Plan on December 4, 2006.  (Docket No. 17).  The

District Court adopted the dates proposed by the parties and entered a Scheduling Order on

December 11, 2006.  (Docket No. 19).

Briefing on Defendant's Motion to Dismiss was completed on November 2, 2006.

Likewise, briefing on a related motion to strike (Docket No. 11) and an objection to

supplemental briefing (Docket No. 18), were filed by December 13, 2006.  As of the date of this

Order, there has not yet been a ruling on any of these motions.

On March 12, 2007, Defendant filed its motion seeking (1) a protective order staying

discovery pending the District Court's ruling on its Motion to Dismiss and (2) an order vacating

the current Scheduling Order.  (Docket No. 22).  Plaintiff opposes these requests and has filed a

Motion to Compel Defendant's initial disclosures and responses to Plaintiff's first set of

**ORDER - 2**

discovery requests.  (Docket No. 23).  Plaintiff also has moved to strike the Affidavit of Nicole

Hancock submitted in support of Defendant's reply brief on the Motion for Protective Order.

(Docket No. 28).

## II.

## MOTION FOR PROTECTIVE ORDER
## AND TO VACATE SCHEDULING ORDER

### A.      Meet & Confer Requirement

As an initial matter, with respect to all pending motions, counsel for both parties have

complied with Federal Rule of Civil Procedure 37(a)(2)(A) and District of Idaho Local Civil

Rule 37.1 in conferring before filing their respective motions.  *See First Pooser Affidavit*, p. 2 &

Exs. A-D (Docket No. 22-3); *First Julian Affidavit*, ¶ 5 (Docket No. 23-2).  Although the

communications were not extensive, they are sufficient to satisfy the requirement of the local

rule to meet and confer.

### B.      Standards of Law

Federal courts are given broad discretion in supervising the pretrial phase of litigation.

*Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Additionally, "[u]pon

motion by a party . . . from whom discovery is sought," the Court is authorized to make "any

order which justice requires to protect a party or person from annoyance, embarrassment,

oppression or undue burden or expense."  Fed. R. Civ. P. 26(c).  "The Supreme Court has

interpreted this language as conferring 'broad discretion on the trial court to decide when a

protective order is appropriate and what degree of protection is required.'"  *Phillips ex. rel.*

*Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (quoting *Seattle*

ORDER - 3

*Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  A protective order may issue, however, only "for good cause shown."  Fed. R. Civ. P. 26(c).

Good cause also provides the standard for amending a pretrial scheduling order.  Fed. R. Civ. P. 16(b).  Accordingly, the pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Further, though "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id*.

**C.    Discussion and Analysis**

Defendant seeks a protective order staying discovery and an order vacating the Scheduling Order pending resolution of its Motion to Dismiss.  Defendant argues that the jurisdictional issue raised in the Motion to Dismiss should be addressed before allowing the action to proceed because it would be inefficient for the parties to engage in discovery before it is clear whether personal jurisdiction exists in the District of Idaho.  *Defendant's Memorandum in Support of Motion for Protective Order*, pp. 5-6 (Docket No. 22-2).

Plaintiff responds that Defendant (1) has not shown good cause for vacating the scheduling order because it waited five months to request a stay of the discovery and to vacate the other deadlines, (2) cannot seek to alter deadlines it proposed in the stipulated Litigation Plan, and (3) has not shown good cause for the protective order because it is not clear that it will prevail on its motion to dismiss.  *Memorandum in Opposition to Defendant's Motion*, pp. 2-3 (Docket No. 24).

With regard to Plaintiff's first assertion, that Defendant had five months in which to seek a stay of the discovery deadlines, it appears that the discovery deadlines were not imposed by the

**ORDER - 4**

District Court until December 11, 2006 (*see* Docket No. 19), three months before Defendant filed its motion to stay the deadlines.  Significantly, as of December 11, 2006 when the Scheduling Order was entered, Defendant's Motion to Dismiss was fully briefed and it was not known by any of the parties when a ruling would be forthcoming.  It appears that Defendant's counsel contacted the District Court's chamber staff and counsel were advised to set the dates from March 2007.  *Second Julian Affidavit*, Ex. A (Docket No. 24-2).  Apparently relying upon that suggestion, Defendant acted reasonably by proposing dates for the Litigation Plan that commence from a March starting point.  *Id.*

It appears that it was only after a ruling on the pending Motion to Dismiss had not been issued in mid-March of 2007 that extending the litigation deadlines became an issue.  Although it is fairly argued by Plaintiff that the better course may have been for Defendant to seek a stay of the discovery deadlines as soon as Plaintiff submitted discovery requests, the relatively short delay here, under all the existing circumstances, is not unreasonable, nor does it rise to the level of a "complete and utter lack of diligence," as argued by Plaintiff.  *See Memorandum in Opposition to Defendant's Motion*, p. 6 (Docket No. 24).  This is particularly true where counsel for Defendant contacted Plaintiff's counsel before the deadline to respond to Plaintiff's first set of discovery had expired[1] and filed its motion for protective order the next workday after receiving Plaintiff's letter advising that it would not agree to an extension of the deadlines

---

[1] Applying Federal Rules of Civil Procedure 5(b), 6(a), and 6(e) to calculate Defendant's time to respond to Plaintiff's First Set of Discovery results in a deadline of March 8, 2007. Specifically, the thirty-day time period started on February 2, 2007 and ended on March 5, 2007 because the thirtieth day fell on a Saturday.  *See* Fed. R. Civ. P. 6(a).  Pursuant to Rules 5(b) and 6(e), three days are added "after the period would otherwise expire" because service was made by U.S. Mail.  *See First Julian Affidavit*, Ex. A, p. 13 (Docket No. 23-2).  On March 6, 2007, before the response deadline expired, Defendant contacted Plaintiff's counsel by letter and telephone to seek a stay of the discovery process pending a ruling on the Motion to Dismiss.  *See First Pooser Affidavit*, Ex. A (Docket No. 22-3).

**ORDER - 5**

pending a ruling on the Motion to Dismiss.  *See First Pooser Affidavit*, Ex. D (Docket No. 22-3) (letter from Plaintiff's counsel dated 3/9/07).  Viewed in this light, the delay is not such that it is necessary to deny Defendant's request.

Plaintiff's second argument in opposition to Defendant's motion to stay is that "Defendant has implicitly, if not expressly, acquiesced to discovery and waived any objection to ongoing discovery pending the decision on the motion to dismiss" by filing the stipulated Litigation Plan.  *Reply Brief Re: Plaintiff's Motion to Compel*, p. 2 (Docket No. 27); *Memorandum in Opposition to Defendant's Motion*, p. 1 (Docket No. 24).  Plaintiff is correct that Defendant stipulated to the dates in the Litigation Plan.  In the Court's experience, however, these stipulated deadlines are occasionally extended by agreement of counsel or become necessary by unusual circumstances arising during the course of litigation.  In the Court's view, good cause as required by Federal Rule of Civil Procedure 16(b) has been established due to the circumstances existing in the case at this time.

The extension is requested here because the parties are waiting for a decision on a crucial dispositive motion which is not something that is within the parties' or counsels' control.  At this point in time, Defendant has not yet filed an answer and, instead, has chosen to raise the issue of personal jurisdiction, a course allowed by the Federal Rules of Civil Procedure.  *See Fed. R. Civ. P. 12(b)*.  Although counsel for Defendant initially proposed the dates agreed to in the stipulated Litigation Plan, at the time the dates were selected it was not known when a ruling on the motion to dismiss would be issued and the parties had no alternative but to submit a date because they were required by the District Court to file a litigation plan.  Under these circumstances, the fact Defendant proposed the dates for the Litigation Plan is not a basis to deny its motion for a stay.

**ORDER - 6**

With regard to Plaintiff's third reason for opposing Defendant's request, i.e., that Defendant has not shown good cause for the protective order because it is not clear that it will prevail on its motion to dismiss, it is possible that Defendant may prevail on its motion. It is well established that "federal district courts have discretion to impose a stay of discovery pending the determination of dispositive motions by the issuance of a protective order." *Hachette Distrib., Inc. v. Hudson County News Co.*, 136 F.R.D. 356, 358 (E.D. N.Y. 1991) (collecting cases); *see also Little v. City of Seattle*, 863 F2d 681, 685 (9th Cir. 1988) (explaining that a "district court has wide discretion in controlling discovery," and "[s]uch rulings will not be overturned unless there is a clear abuse of discretion"). "Discovery should be stayed, however, only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Hachette*, 136 F.R.D. at 358. Here, Defendant's Motion to Dismiss presents a question of law as to the Court's jurisdiction over Defendant that is potentially dispositive.

Further, a review of the record does not reveal factual issues in need of immediate exploration. In *Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987), the Ninth Circuit Court of Appeals held that a district court did not abuse its discretion by staying discovery pending the disposition of motions to dismiss because "[d]iscovery is only appropriate where there are factual issues raised by a Rule 12(b) motion." *Id.* at 155. Plaintiff has not argued here that it needs the information requested in its first set of discovery to defend against Defendant's Motion to Dismiss. Thus, according to the principle set forth in *Jarvis*, a temporary stay is appropriate.

Moreover, the Court has "balance[d] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997), and has determined that a

delay in all discovery, with the exception of requiring service of initial disclosures is warranted under the existing circumstances.  In making this determination, the Court is of the view that the Motion to Dismiss does not appear to be without some degree of foundation in law and there is a possibility that Defendant may prevail.  *See Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D. N.Y. 2002) (explaining that courts have held "that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law") (citations and internal quotation marks omitted); *see also GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 287 (S.D. Cal. 2000) (defining the requirement of a "clear possibility" to mean that "Defendant's motion is nearly below but does not necessary exceed a 'fifty percent chance' of success").

With the foregoing in mind, Defendant's Motion for Protective Order (Docket No. 22) is granted in part and denied in part.

The request for a stay of discovery pending a ruling on the Motion to Dismiss is granted. However, Defendant shall be required to file its initial disclosures which were due in December, 2006.  The initial disclosures are not burdensome and must be filed no later than June 29, 2007.

Further, Defendant's Motion for Protective Order is denied to the extent that it seeks an order vacating the entire Scheduling Order entered on December 11, 2006 (Docket No. 19). Rather, the deadlines in the Scheduling Order will be extended to account for the time between March 2007 and the date of this Order.[2]  Any other changes to the December 11, 2006

---

[2]  Specifically, because the deadlines in the parties' Litigation Plan appear to have been based on their attorneys anticipating a March 2007 disposition of the Motion to Dismiss, the deadlines in the new Scheduling Order will be set using the amount of months between March 31, 2007 and the deadlines set forth in the Litigation Plan (Docket No. 17), e.g., two months for
(continued...)

**ORDER - 8**

Scheduling Order will be deferred to Judge Lodge.

In summary, Defendant has shown good cause to stay discovery in this case pending a ruling on Defendant's Motion to Dismiss and to extend the litigation deadlines set in the Scheduling Order, except with respect to its initial disclosures.  Accordingly, a stay of all discovery except the requirement of initial disclosures shall be in effect from the date of the filing of this Order until an order is issued on Defendant's Motion to Dismiss, and the deadlines in the Scheduling Order, except the trial date, shall be extended as set forth in Section IV below. *See* Fed. R. Civ. P. 26(c) (explaining that "if the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery").[3]

## III.

## MOTION TO COMPEL & REQUEST FOR FEES

Plaintiff has moved for an order compelling Defendant to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents[4] and to provide its initial disclosures.  Plaintiff also requests an award of the attorney's fees incurred in bringing its

---

[2](...continued)
joinder of parties and amendment of pleadings, three months for Plaintiff's initial expert disclosures, four months for Defendant's expert disclosures, and four and one-half months for rebuttal reports, five months for completion of discovery, and six months for pre-trial motions.

[3]  Plaintiff's Motion to Strike the Affidavit of Nicole Hancock (Docket No. 28) submitted by Defendant to support its reply brief on the Motion for Protective Order is moot because the Court has not relied on any of the information contained in the affidavit in making this decision.

[4]  Although Defendant served responses to Plaintiff's First Set of Discovery on March 12, 2007, each response contained an objection based on the pending Motion to Dismiss and Motion for Protective Order.  *See Second Pooser Affidavit*, ¶¶ 2-3 (Docket No. 26-2); *First Julian Affidavit*, ¶ 4 & Ex. B (Docket No. 23-2).  Thus, Defendant has not provided substantive responses to Plaintiff's request.

**ORDER - 9**

motion.  As set forth above, Defendant has been granted a temporary stay of all discovery except the initial disclosure requirement.  Accordingly, Plaintiff's Motion to Compel will be granted in part to require prompt filing of Defendant's initial disclosures, but it is denied as to all other requests pending a ruling on the Motion to Dismiss.

Plaintiff's request for an award of fees is denied because it has not prevailed on the entirety of its motion and because Defendant's objection to the first set of discovery requests was substantially justified considering the procedural status of this action.  *See* Fed. R. Civ. P. 37(a)(4)(A) (explaining that the court need not award expenses if the "objection was substantially justified, or [if] other circumstances make an award of expenses unjust"); *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982).

## IV.

## ORDER

In accordance with the foregoing reasoning, IT IS HEREBY ORDERED:

1.  Defendant's Motion for Protective Order Staying Discovery and to Vacate Scheduling Order Pending Resolution of Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 22) is GRANTED in part and DENIED in part.  All discovery, except the requirement that initial disclosures be served no later than June 29, 2007, is stayed pending a ruling on Defendant's Motion to Dismiss (Docket No. 5).

2.  Defendant shall serve its responses to Plaintiff's First Set of Discovery within fourteen (14) days of the District Court's entry of an order ruling on Defendant's Motion to Dismiss, unless that Motion is granted in its entirety.

**ORDER - 10**

3.      All other litigation deadlines contained in the Scheduling Order entered

December 11, 2006 (Docket No. 19) are extended, except the trial date of March

25, 2008.  All other filing requirements of the Scheduling Order remain

unchanged. It is only the litigation deadlines that are extended, as follows:

> **Amendments of pleadings and joinder of parties:**  All amendments of
>
> pleadings, joinder of parties, except for allegations of punitive damages,
>
> and pre-alternative dispute resolution discovery shall be completed on or
>
> before August 31, 2007.

> **Disclosure of Experts**:  The Plaintiff shall disclose expert witnesses and
>
> the expected testimony of those witnesses on or before September 28,
>
> 2007.  The Defendant shall disclose expert witnesses and the expected
>
> testimony of those witnesses on or before October 31, 2007.  All rebuttal
>
> experts shall be disclosed on or before November 16, 2007.

> **ADR Conference and Final Discovery**:  The parties shall participate in
>
> mediation on or before November 30, 2007 and shall complete all
>
> discovery by the same date.

> **Pre-Trial Motions**: All pre-trial motions shall be filed on or before
>
> December 28, 2007.

4.      Plaintiff's Motion to Compel Discovery Responses (Docket No. 23) is

GRANTED in part and DENIED in part, as set forth above.  Defendant shall

provide its initial disclosures to Plaintiff on or before June 29, 2007, unless the

pending Motion to Dismiss is granted by the District Court prior to that date.

**ORDER - 11**

5.      Plaintiff's request for an award of attorney's fees (Docket No. 23) is DENIED.

6.      Plaintiff's Motion to Strike the Affidavit of Nicole Hancock (Docket No. 28) is DENIED without prejudice.



DATED:  **June 20, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**ORDER - 12**