IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

AMERITEL INNS, )
)
               Plaintiff, ) Case No. CV06-359-S-EJL
)
vs. ) MEMORANDUM ORDER
)
MOFFAT BROTHERS PLASTERING, L.C., )
)
               Defendant. )
)

       Defendant Moffat Brothers Plastering, L.C. has filed this Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff Ameritel Inns opposes the motion. The motion is now ripe. Having fully reviewed the record, the Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument.

**I. Factual Background**

       In 2004, Plaintiff Ameritel Inns, an Idaho corporation, employed B&A Development LLC, ("B&A Development") a general contracting company with its only office in Boise, to act as general manager for the construction of Plaintiff's hotel in Salt Lake City, Utah. B&A Development then contracted with Defendant, Moffat Brothers Plastering, L.C., a Utah limited liability company, for the benefit of Plaintiff on or about September 22, 2005. Pursuant to the contract, Defendant agreed to construct and/or install a Dryvit-brand Outsulation Plus EIFS system on the exterior of Plaintiff's hotel. Defendant employed its own subcontractor to assist in the installation of the EIFS system.

Plaintiff alleges Defendant and/or its subcontractor negligently and incorrectly constructed and/or installed the EIFS system, or portions thereof, including but not limited to: failure to correctly install the gypsum board underlayment; failure to correctly install drainage strips; failure to correctly apply adhesive; failure to correctly install or apply sealant; failure to correctly install the EPS foam; failure to correctly install heal/sill flashing; and/or failure to construct/include expansion joints. Defendant and/or its subcontractor had completed or substantially completed work on the EIFS system when the alleged deficiencies were discovered. Dryvit claims the construction/installation of the EIFS system on the hotel is defective and demands the system be replaced before it will issue a full warranty.

The Defendant was terminated from the project pursuant to its contract with B&A. Plaintiff filed an action in state court seeking relief from Defendant for the defective construction. In response, Defendant removed the action to this Court and filed this Motion to Dismiss for lack of personal jurisdiction.

## II. Standard of Review for Motion to Dismiss

Defendant has filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of their respective positions, Plaintiff and Defendant have each submitted memoranda and Plaintiff has submitted an affidavit.

Motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(2) are speaking motions and it is appropriate to look beyond the pleadings to affidavits and other evidence when considering them. Data Disc, Inc. v. Sys. Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977); Overby v. Oregonian Pub., 882 F.Supp. 964, 966 (D.Or. 1995) ("ordinarily, a Rule 12(b)(2) motion is resolved on the basis of affidavits and discovery materials"). When the motion is based on written materials rather than an evidentiary hearing, the "plaintiff need only make a prima facie showing of jurisdictional facts." Id. at 1285. In such cases, the Court only inquires whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Id. Where not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss. Dole Food Co. V. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002)

### III. Analysis

**A. Personal Jurisdiction through Due Process Clause**

Plaintiff has brought a civil action for damages against the Defendant, asserting, among other things, that the Defendant breached the parties' contract through its defective workmanship. Defendant moves for dismissal of the claims arguing Idaho lacks personal jurisdiction over the Defendant in this matter because the forum selection clause included in the parties' contract specifying jurisdiction in Idaho, should be declared void under Idaho law. Defendant further argues Idaho lacks personal jurisdiction to try this matter under either Idaho's long arm statute or the Fourteenth Amendment's Due Process Clause. The court rejects the Defendant's arguments, and finds Idaho does have jurisdiction in this matter through the Fourteenth Amendment's Due Process Clause, and Idaho's long arm statute.

In this diversity case the Court's power to exercise personal jurisdiction over a non-resident defendant is limited both by the applicable state personal jurisdiction statute ("long arm statute") and the Due Process Clause. See Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir. 1990) (citing Data Disc, Inc. v. Systems Technology Associates, 557 F.2d 1280, 1286 (9th Cir. 1977)). However, as the Ninth Circuit has previously recognized, the Idaho Legislature intended in adopting the long arm statute to exercise all of the jurisdiction available under the Due Process Clause. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (citing Doggett v. Electronics Corp. of Am., 454 P.2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long arm statute is unnecessary. Id.; Data Disc, 557 F.2d at 1286.

Due process requires that in order for a non-resident defendant to be haled into court the defendant must have certain minimum contacts with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. See Sher, 911 F.2d at 1361 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher, 911 F.2d at 1361 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). The focus in a personal jurisdiction determination

is primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn.8-9 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445, 447 (1952). If the forum state cannot assert general jurisdiction over a defendant, it may still assert specific jurisdiction depending upon the quality and nature of the defendant's contacts with the forum state in relation to the cause(s) of action. Data Disc, 557 F.2d at 1287. In this case, the Plaintiff does not argue the Defendant is subject to general jurisdiction and therefore the Plaintiff must show that the exercise of specific jurisdiction over the Defendant is proper.

When specific jurisdiction is asserted, the parties agree it is appropriate to employ a three part analysis set forth by the Ninth Circuit to determine whether a defendant has established minimum contacts with the forum state. First, the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Second, the claim must be one which arises out of or relates to the defendant's forum-related activities. Third, the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. Lake, 817 F.2d at 1421. The Ninth Circuit provides a number of factors to consider in determining the third factor of reasonableness in an effort to preserve the "traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. These factors include: (1) the extent of defendant's involvement in affairs in the forum state, (2) the burden of the defendant to defend in the forum, (3) the extent of the conflict with the sovereignty of defendant's home state, (4) the forum's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the dispute, (6) the importance of the forum in protecting plaintiff's interest in convenient and effective relief, and (7) the existence of an alternate forum. See Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995) (citing Core-Vent v. Nobel Indus. AB, 11 F.3d 1482, 1487-88 (9th Cir. 1993)).

The plaintiff bears the burden of satisfying the first two prongs of the test. Sher, 911 F.2d at 1361. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476- 78 (1985).

**1. Purposeful Availment**

Plaintiff has filed a claim asserting the Defendant breached the parties' contract by its defective workmanship. (See Docket 1, Part 5, Count 1). Plaintiff argues Defendant purposefully availed itself of the privilege of conducting activities in Idaho, thereby establishing minimum contacts with Idaho such that it could have anticipated being haled into court in Idaho. Plaintiff notes the Defendant had numerous contacts with B & A Development's office in Boise, through telephone, mail, email and facsimile. Contract negotiations between the Defendant and B & A Development included telephone conversations between the Defendant and employees at B & A Development's Boise office. A representative made numerous telephone calls and sent one email to B & A Development's Boise office on behalf of Defendant at various times during the construction process. Defendant also faxed material to B & A Development's office on at least two separate occasions. Further, all six payments to Defendant from B & A Development were made from the general contractor's Boise office. In response, Defendant argues a person does not purposefully avail himself of another state's jurisdiction simply by faxing a document, making a phone call, or receiving payment through the mail from another state.

The existence of a contract between a resident of the forum state and a non-resident defendant is insufficient by itself to create personal jurisdiction over the non-resident. Roth v. Garcia Marquez, 942 F.2d 617, 621 (9th Cir. 1991) (citing Burger King, 471 U.S. at 478). Whether a contract signifies purposeful availment depends upon a number of additional factors. They include "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." Burger King, 471 U.S. at 479.

Though the Appellate Courts are divided on this issue, at least one Circuit has held, "A relationship 'naturally based on telephone and mail contacts rather than physical presence...should not [allow a defendant to] avoid jurisdiction based on that distinction.'" Heritage House Rest., Inc.,

906 F.2d at 283 (7th cir. 1990) (citing McGowen v. Woodsmall Ben. Services, Inc., 554 N.E.2d 704 (Ill.App. 5 Dist., 1990)). But see Verotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 152 (3d Cir. 1996) (finding communications by telephone and letters between resident and nonresident in developing a contract are insufficient to confer jurisdiction).

Defendant, in turn, references Doe v. Unocal Corp., 248 F.3d 915 (9th Cir. 2001), as Ninth Circuit authority for the proposition that entering into a contract via fax from outside the forum is not purposeful availment. However, Unocal must be distinguished from the instant case. In Unocal the Court held plaintiffs in a class-action lawsuit had not showed a French corporation's subsidiaries in the United States (which had substantial California contacts) should be treated as general agents or alter egos of the French corporation, and, thus, the French corporation did not have minimum contacts in California and was not subject to its jurisdiction. Id. at 930. Specifically, the Court noted that the French corporation's relations with a California corporation did not constitute purposeful availment when the French corporation's sole connection to California was that the parties' contracts were entered into either by fax or telephone or meetings in Asia, France and Bermuda, and when the law governing the contracts was the law of England, Bermuda or Burma. Id. at 924. In the instant case, the Defendant had numerous contacts with B & A Development's office in Boise through telephone, mail, email and facsimile, during both contract negotiations and actual construction of Plaintiff's hotel. Plaintiff has also pointed out that all payments to Defendant were issued from B & A Development's office in Boise, and that the parties' contract specified jurisdiction and venue in Idaho.

In addition, the contract between Defendant and B & A Development included a forum selection clause which stated: "For any dispute arising out of this agreement or any other construction documents, exclusive jurisdiction and venue shall exist in Ada County, State of Idaho." (Docket 1, Part 5, Cl. 34). A choice-of-law provision in a contract "reinforce[s] [the nonresident defendant's] deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there." Culebra II. LLC v. River Cruises & Anticipation Yachts, LLC, Civil No. 07-13-P-H, 2007 WL 1657426 (D. Me. June 4, 2007) (citing Burger King, 471 U.S. 462, 482 (1985)). While the Court declines to rule on the validity of the forum selection clause in light of Idaho Code § 29-110, the inclusion of this provision in the contract can be considered, along with the Defendant's

aforementioned contacts, as contributing to the Defendant's overall contacts with the forum and the likelihood that the Defendant could have anticipated being haled into court in Idaho.

Based on the above facts, the Court finds the Defendant purposefully availed itself of the privileges of conducting activity in the forum state, thus satisfying the first prong of the minimum contacts analysis for claims arising out of contract.

### 2. Forum-Related Activities

Plaintiff asserts it's claim arises out of or relates to the Defendant's forum-related activities, thus satisfying the second prong of the three-prong minimum contacts analysis. Because the cause of action arises out of the parties' contract for the construction of Plaintiff's hotel. Defendant argues the claim does not arise out of or relate to the Defendant's forum-related activity, because construction of Plaintiff's hotel took place in Salt Lake City.

To determine whether a plaintiff's claims arise out of a defendant's forum-related activities, the Ninth Circuit has adopted a "but for" analysis. See Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995) (citing Shute v. Carnival Cruise Lines, 897 F.2d 377, 381 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585 (1991)). Thus, specific personal jurisdiction is proper only where "but for" Defendant's activities in Idaho, Plaintiff's injuries would not have occurred.

In this case, but for Defendant entering into a contract with B & A Development and Plaintiff, which included the Defendant's numerous contacts with B & A Development's Boise office through telephone, mail, email and facsimile, Defendant would not have been involved in the actions giving rise to the claims in this case. The Court is satisfied that Plaintiff's claims arise out of Defendant's Idaho related activities.

### 3. Reasonableness of Jurisdiction

Defendant asserts exercising personal jurisdiction over Defendant would not be reasonable nor would it comport with fair play and substantial justice, and therefore, the third prong of the three-prong minimum contacts analysis is not satisfied. Defendant supports this claim by asserting Defendant has done little to reach out to the forum state. Plaintiff argues no argument has been

made showing jurisdiction in Idaho would be overly burdensome to Defendant. Plaintiff further argues Idaho's interest in adjudicating the dispute and Plaintiff's interest in attaining effective and convenient relief ensure jurisdiction in Idaho is reasonable.

Defendant has failed to meet its burden to show exercising personal jurisdiction over Defendant in this case would be contrary to "fair play and substantial justice." Burger King, 471 U.S. at 476. The Court examines seven factors to determine whether exercise of jurisdiction is reasonable: (1) existence of an alternative forum; (2) burden on the defendant; (3) convenience and effectiveness of relief for the plaintiff; (4) most efficient judicial resolution of the dispute; (5) conflict with sovereignty of the defendant's state; (6) extent of purposeful interjection; (7) and the forum state's interest in the suit. Brand v. Menlove Dodge, 796 F.2d 1070, 1075 (9th Cir. 1986) (citations omitted).

It is well established that in determining personal jurisdiction the court must focus primarily on "the relationship among the defendant, the forum, and the litigation." Shaffer, 433 U.S. at 204. In this case, Plaintiff is an Idaho corporation, which employed an Idaho company to act as general manager over construction of Plaintiff's hotel, which entered into a contract on behalf of Plaintiff with the Defendant. It is the Defendant's alleged breach of this contract which is at issue in this case. The fact that the hotel is located in Salt Lake City does not control where jurisdiction lies. Given the Defendant's contacts with the Plaintiff and B & A Development in Idaho, the Court finds it reasonable and fair to exercise personal jurisdiction over Defendant in this case. Further, the considerations outlined in Burger King support exercising jurisdiction over Defendant.[1]

**B. Forum Selection Clause**

Because Plaintiff has successfully shown Idaho has personal jurisdiction over Defendant through the Fourteenth Amendment's Due Process Clause, and thus Idaho's long arm statute, the Court need not address the validity of the forum selection clause included in the parties' contract.

---

[1] Factors that may be considered are the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social societies. Burger King, at 477 (quoting World-Wide Volkswagen, 444 U.S. at 292).

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Docket No. 5) is **DENIED**.

The parties shall pursue discovery as directed in Magistrate Judge Larry M. Boyle's Order of June 22, 2007.  (Docket. No. 32).

DATED:  **July 10, 2007**

Honorable Edward J. Lodge
U. S. District Judge